# Wheeling.

## KING v. BURDETT et al.

### Decided April 27, 1878.

1878.
Special Term.

1. A special plea is tendered by defendants in an action at law and rejected by the court, the defendant takes no bill of exceptions to the judgment of the court rejecting the plea, and the record does not show the defendants excepted or objected to the judgment of the court rejecting the plea. HELD:

The plea is no part of the record.

2. An injunction recites that, "the parties came by their attorneys, &c., * * * and it appearing to the court that there is at least $500.00 due plaintiff over and above the amount controverted by the defendants," and then judgment is rendered for the $500.00, and at a subsequent term of the court a judgment in the same case recites that "neither party requiring a jury to try the case, the court is substituted in lieu of a jury ; and the court proceeding to hear the evidence and ascertain the amount due from the defendants to the plaintiff, and having heard all the evidence and argument of counsel doth find for the plaintiff $1,068,75, with interest from that time, and proceeded to render judgment for that amount, and the defendants did not except to the judgment. HELD:

The Appellate Court must presume that the court in rendering the second judgment in the case, allowed the defendants credit for the $500.00, for which judgment had been previously rendered, and the rendering of the first judgment is not an error under the circumstances, to the prejudice of the defendants.

3. Where the record shows, "that neither party required a jury, and the court is substituted in lieu of a jury to try the case," and the case was tried by the court; this is "consent entered of record" within the meaning of section 35 of chapter 47 of the acts of 1872–3.

4. Section 35 of chapter 47 of the acts of 1872–3, does not repeal section 7 of chapter 131 of the Code.

5. If there is no other error in a judgment, the Appellate Court will not reverse it on a question of costs.

A *supersedeas* to a judgment of the circuit court of Jackson county, rendered on the 21st day of July, 1875, in an action of debt, in which G. S. M. King was plaintiff, and J. M. Burdett and others were defendants, granted on the petition of the defendants below.

Hon. Joseph Smith, Judge of the seventh judicial circuit, rendered the judgment complained of.

JOHNSON, JUDGE, furnishes the following statement of the case :

The plaintiff was sheriff of Jackson county, and on the 27th day of June, 1868, by consent of the circuit court of said county, appointed the defendant, J. M. Burdett, his deputy, and on the same day said deputy executed to said sheriff his bond in the penalty of $8,000.00, with the usual conditions, with the defendants, W. H. Sayre, D. B. Sayre, Abel Sayre, and Julius Campbell, his sureties. Default having been made by the said deputy, the said plaintiff in February, 1873, filed his declaration in debt in the circuit court of said county, upon said bond, against said defendants, to recover for said default. The declaration is in the usual form. On the 20th day of March, 1873, the defendant appeared and demurred to the declaration, in which demurrer the plaintiff joined, and the court on consideration overruled the same. The defendants then pleaded "conditions performed," and issue was thereon joined. Afterwards the defendants offered a special plea in writing, to the filing of which the plaintiff objected, and the court sustained the objection and rejected the plea. There was no exception to the action of the court in rejecting the plea. On the the 24th of March, 1874, among other things,

87

the order entered in the cause contains the following: " This day came the parties by their attorneys, &c. * * and it appearing to the court that there is at least $500.00 due plaintiff over and above the amount controverted by the defendants, it is considered by the court that the plaintiff recover of the defendants, John M. Burdett, &c., naming them, $500.00 with legal interest from this date, and his costs in this behalf expended." The same order referred the case to commissioners, to state an account, &c., and required them to report the same, together with any matters deemed pertinent by themselves, or required by either party, &c. It does not appear whether said commissioners made a report or not. On the 21st day of July, 1875, the following order was entered in said case: " This day came the parties, by their attorneys, and neither party requiring a jury to try the case, the court is substituted in lieu of a jury. And the court proceeding to hear the evidence and ascertain the amount due from the defendants to the plaintiff, and having heard all the evidence and arguments of counsel, doth find for the plaintiff $1,068.75, with legal interest from the 21st day of July, 1875, until paid. It is therefore considered by the court, that the plaintiff recover against the said defendants the said sum of $1,068.75, with interest as aforesaid, and his costs about his suit in this behalf expended." No evidence whatever is certified. To the said judgment the defendants obtained a *supersedeas*.

*Tomlinson & Polsley,* and *English,* for plaintiffs in error, relied on the following authorities:

2 Wall. 235; 25 Gratt. 211; 1 Call 18; 6 Leigh 547; 7 Leigh 244; 9 Leigh 164; 1 Bouv. Inst. §1399; Theobald on Prin. & Surety 127; 3 Chit. Pr. 664; Long's Points Adjudicated 49; 1 Bouv. Inst. §1401; Theobald on Prin. & Surety 92.

*John H. Riley* and *Henry C. Flesher*, for defendant in error:

The circuit court did not err in overruling the demurrer of the plaintiffs in error to the declaration. The declaration is good.

The demurrer is general, and not to each count of the declaration. The bond is made no part of the record by oyer; nothing but the declaration is now before the court. The plaintiffs in error were fully notified by the declaration of the precise nature and extent of the demand against them, and this object was well attained by annexing the several receipts and lists of claims to the declaration and referring to them as containing a description of said claims. 4 Rob. Pr. 131, 132, 133, 134, 135, 136 and 137. *Governor for Davis* v. *Roach,* 9 Gratt. 13.

As to the second cause of error assigned: The court did not err in rejecting said plea in writing.

In Virginia, as a general rule, the equity of the surety can only be asserted in a court of chancery. Tucker P. in *Steele* v. *Boyd,* 6 Leigh 555. On the face of the bond there is no distinction of principal and surety, *but all appear as principals.*

This plea alleges that a contract was made by the appellee whereby time was given Burdett, the alleged principal; but this we submit was not a good defense at law. See opinion of Tucker P. in *Steele* v. *Boyd,* ibid.

"That the arrangement set forth in the plea would be such as to tie up the hands of the creditors, and of course to exonerate the surety, I am inclined to think; but I am satisfied that the defense can only be made in equity. This has been decided both in our own courts and in Westminster hall, and if the question is to be settled by authority, it has been so settled."

To the same effect is *Steptoe's adm'r* v. *Harvey's ex'ors* 7 Leigh 524, 532, 534, *Devers* v. *Ross,* 10 Gratt.

252, *Ward* v. *Johnson*, 6 Munf. 6. "The court below might have refused to receive the plea, or having received it, might have stricken it out, or if a verdict had found the truth of the plea, might have rendered a judgment '*non obstante veredicto.*' The court fell into no error in rejecting the plea." · *Devers* v. *Ross*, 10 ibid.

The plea is no part of the record. The judgment of the court rejecting the plea should be excepted to by the party offering it, and if the defendant fails to except to the opinion of the court rejecting the plea, the Appellate Court must presume that the defendant acquiesced in the decision of the court in rejecting the plea. *Hart* v. *B. & O. R. R. Co.*, 6 W. Va. 336; *White* v. *Toncray*, 9 Leigh 347; *Harrington* v. *Harrington's adm'rs*, 1 Rob. 591; *Thompson's ex'or* v. *Boggs*, 8 W. Va. 63.

The plea offered by defendants was bad all over. It is insufficient in substance to bar the right of the defendant in error to recover against the plaintiffs in error, because the plea does not allege that the contract giving time was *without the assent of the sureties*. *Norris* v. *Crumway*, 2 Rand. 334-5; 5 Rob. Pr. 790.

As to the third and fifth assignments of error, which being substantially the same are treated together: It must *affirmatively* appear that some party *required* a jury, else the court had a right to proceed to ascertain the amount the plaintiff was entitled to recover. See sec. 7 chap. 131 Code (1868) p. 626. This section is not in conflict with sec. 35 chap. 47 acts 1872-3, but is consistent therewith, the latter making provision for trial without a jury in *criminal* cases, and the former in "actions at law" alone. The two provisions have stood together for many years. The provision first cited is in accord with the 13th section of the bill of rights. "In suits at common law, where the value in controversy, exclusive of interest and costs, exceeds $20.00, the right of trial by a jury of twelve men, *if required by either party*, shall be preserved." See Constitution of 1872. See *Madison &c. R. R. Co.* v. *Whiteneck*, 8 Ind. 217; *Miller* v. *Hayford*,

1 Wis. 401; *Greason* v. *Keteltas*, 17 N. Y. 498; *Barlow* v. *Scott*, 24 N. Y. 40; *Minton* v. *Moore*, 4 Blackf. 315.

*As to the fourth error assigned*: The appellants are presumed to have acquiesced in the action of the court in holding "that the sum of $500.00 was not controverted." They were present, and if exception had been taken, all the facts as they then appeared to the court, would have been put in the record. See *Thompson's ex'or* v. *Boggs*, 8 W. Va. 63, and 1 Rob. 591, cited above, and cases there cited. Attention is directed to the certificate of the clerk to the record filed. In the condition of of the record made up by appellants, everything done by the court must be held to be rightly done. See also sec. 8 chap. 126 of the Code p. 610. There was a *prima facie* case made for the plaintiff by the declaration, bond and receipts filed therewith. The entire claim of the plaintiff was not controverted by the plea of "conditions performed," as claimed. "The defendant can not plead a performance generally, but must particularly answer the breaches assigned, and show *when, how and where* he performed his covenants." *Postmaster General* v. *Cochran* 2 Johns. 414; 5 Rob. Pr. 656. But the utmost that could be claimed for the plea of "conditions performed," or the proper plea under authorities just cited, would be an *affirmation* that the deputy sheriff had collected the money mentioned in the receipts, and paid it over as required by law and the condition of the bond, or had returned such of the tax tickets and fee bills as could not be collected.

Now this court may fairly presume that specifications of payments and lists of return papers were filed, from which it was plain to see that over $500.00 was then due, and therefore, no one objecting, disputing the fact, or demanding a jury, judgment was properly entered.

*As to the sixth error assigned*: The taxation of costs is work assigned to the clerk, and done by him in vacation, and the court having supervision of his proceedings,

the proper construction of the several judgments for costs, could be given by the court, and corrections made accordingly. The Appellate Court will not look into the question of costs, if there are no other grounds on which to support the appeal. *Boggess's heirs* v. *Robinson's heirs,* 5 W. Va. 402.

JOHNSON, JUDGE, delivered the opinion of the Court:

The first error assigned is to the judgment of the court in overruling the demurrer to the declaration.

No defect in the declaration is pointed out, and I have found none therein. The demurrer was properly overruled.

Syllabus 1

The second error assigned is to the rejection of defendants' special plea in writing. The plea was not made a part of the record ; no bill of exceptions appears in the record to the rejection of the pleas ; and the record does not show that the defendants excepted, or objected to the action of the court in rejecting the plea. When a plea is tendered by a defendant in an action at law, and rejected by the court, it is no part of the record, unless there is a bill of exceptions to the rejection thereof, or the record shows, that the plea was tendered and rejected, and the defendant objected, or excepted to the action of the court in rejecting the plea. If this is not done, the defendant will be presumed to have acquiesced in the rejection of the plea. *Sweeney* v. *Baker et al. infra.*

Syllabus 2

The third error complained of is : That the judgment for $500.00 was rendered on the 24th day of March, 1874. without the intervention of a jury, it not appearing that the matter was referred to the court by consent of parties, nor that neither party required a jury. Here again there was not even an objection to the action of the court. The order shows that the parties were all present when it was entered ; that it appeared to the court that there was at least $500.00 due the plaintiff over and above the amount controverted by defendants,

and without any objection on their part. It showed that

there was at least $500.00 due the plaintiff, that the defendants did not *controvert*. If they did not *controvert* $500.00 of the plaintiff's demand, what did they want with a jury as to that amount? It is true they had pleaded " conditions performed," but if the order was a consent order, and in part their own making, and show-ing as it did that the defendants did not *controvert* $500.00 of the plaintiff's demand, it was equivalent to a withdrawal of their plea as to that amount, and confess-ion of judgment thereof. But if we are not at liberty to regard it as a consent order, as to the matter in question, which we do not now decide, there was no error com-mitted to the prejudice of the defendants, as we must presume that the defendants, when the last judgment was entered, received credit for the $500.00, for which judg-ment had been previously entered. That judgment shows that neither party required a jury, and that the court was substituted in lieu of a jury, "and the court proceeding to hear the evidence and to ascertain the amount due from the defendants to the plaintiff; and having heard all the evidence and argument of counsel, doth find for the plaintiff $1,068.75, with legal interest thereon from the 21st day of July, 1875," which was the date of the judgment; and then entered a formal judg-ment for that sum. We must presume that the court in ascertaining what was due, deducted from its calculation the $500.00 for which judgment was before rendered, in the absence of any exception on the part of defend-ants, showing that judgment had been given for the $500.00 twice. The presumption is always in favor of the correctness of the judgment of the court below. *Miller* v. *Shrewsbury*, 10 W. Va. 195.

The *fifth* error assigned is, that the court erred in ren- Syllabus 3 dering the judgment of the 21st of July, 1875, without the intervention of a jury, and without the consent of the parties, or their consent entered of record as required by section 35, of chapter 47 of the Acts of 1872-3.

1878.
Special Term.

King
v.
Burdett *et al.*

Section 7 of chapter 131 of the Code provides : "The court, in any action at law, if neither party requires a jury, or if the defendant has failed to appear, may ascertain the amount the plaintiff is entitled to recover in the action, if any, and render judgment accordingly."

The 13th section of the bill of rights, provides : " In suits at common law, where the value in controversy, exclusive of interest and costs exceeds $20.00, the right of trial by a jury of twelve men, if required by either party, shall be preserved, &c." The Code then in existence did not conflict with this provision of the bill of rights, but was in exact accordance with it.

Section 35 of chapter 47, acts of 1872–3, provides, that "in any case, except a case of felony, in which a trial by jury would be otherwise proper, the parties, or their counsel, by consent entered of record, may waive the right to have a jury, and thereupon the whole matter of law and fact, may be heard and determined, and judgment given by the court," &c.

In *The Madison and Indianapolis R. R. Co.* v. *Whiteneck*, 8 Ind. 217, it was held, that " if a party voluntarily abstain from claiming the right of trial by jury in a given case, it may be judicially held that it is waived. Judge Perkins said, in delivering the opinion of the court in that case, " It is said a jury should have been called to assess the damages, notwithstanding the failure of the defendant to appear, as the case stood upon the general issue. The Constitution of our State does not say that trials shall be by jury. It says : 'The right of trial by jury shall remain, &c.'. If a party voluntarily abstain from claiming the right in a given case, we think it may be judicially held that it is waived. Hence the statute enacting that such act shall be regarded as a waiver, is valid."

In *Miller* v. *Hayford*, 1 Wis. 40, it was held, "if a party in a county court do not object to a trial by a jury of six persons as prescribed by the statute, or if he join in the selection of such jury, he will be deemed to have

consented to submit his case to their decision, and to have waived his right to a jury of twelve." The court said; "By the seventeenth section of the statute, the selection of the jurors is given to both parties in the mode prescribed, and if either party refuse or neglect to take part in choosing the jurors, the court or the clerk may act for such party. We are not informed by the record, that the plaintiff in error made any objections to the jury, and we are to presume that he took part in their selection, for if he did not demand the jury, and did not participate in selecting the jurors, it lies with him to show such a state of facts, and in the absence of any objection, or refusal we must presume that the plaintiff in error consented to submit his case to the jury, as allowed by the statute."

In *Greason* v. *Keteltas*, 17 N. Y. 498. The court said, "the right of trial by jury in a proper case is absolute, and any decision of the court overruling or denying such right would be plainly erroneous. But it is a right which may be waived, and if a party who is entitled to it enters voluntarily upon a trial by the court without objection, he would ordinarily, no doubt, be understood as consenting to that form of trial." The above decision was approved in *Barlow* v. *Scott*, 24 N. Y. 40. We think that while there was no formal consent entered of record to the court trying the case in lieu of a jury, yet the record shows that the defendants were present in court and did not require a jury. The record states that, "neither party required a jury, which was equivalent to the defendants consent entered of record that the court should try the case in lieu of a jury. The judgment was authorized under the Constitution and the Code, and the provision of the Code on the subject is unrepealed. It is not inconsistent with section 35 of chapter 47 of the acts 1872–3. We think even according to the provisions of the last named statute, the consent sufficiently appeared on the record. The parties were all present, and the record shows that neither "party

88

required a jury." That was equivalent to saying that, "we consent that the court may try the case in lieu of a jury."

It is also assigned as error that the court should not in its last judgment have given costs, without saying whether it was for costs generally or only for additional costs. There being no other error, even if this was one, and we do not think it is as we understand the last judgment to have been only for the additional costs accrued after the first judgment, the Appellate Court would not reverse the judgment on a question of costs. *Boggess's heirs* v. *Robinson's heirs*, 5 W. Va. 402.

Syllabus 5

The judgment of the circuit court must be affirmed with costs and damages according to law.

The other Judges concurred.

JUDGMENT AFFIRMED.