Syllabus.

## $\mathfrak{Staunton.}$

### TRUMBO AND OTHERS v. FULK AND OTHERS.

#### September 29, 1904.

1. DEMURRER.—A demurrer admits all facts well pleaded, but not the pleaders' conclusions of law based thereon which he has introduced into his pleading.

2. DEED TO W. FOR LIFE, REMAINDER TO CHILDREN BY H.—*Resulting Trust—Res Judicata—Collateral Attack on Judgment—Case in Judgment.*—A bankrupt, at a sale of his effects by the assignee, became the purchaser of land formerly owned by him. His wife paid the purchase money out of her separate estate. There was a decree for a deed to him, but he gave a written request for the deed to be made to his wife, and the bankrupt court so decreed. Thereupon the assignee in bankruptcy conveyed the land to the wife for life, with remainder in fee to the children of the wife by her then husband, reported the facts with the deed to the bankrupt court, which in all respects confirmed and approved the deed, and gave liberty to the wife to withdraw the deed for recordation. The wife withdrew and recorded the deed, at no time making any objection thereto, and after two years died, surviving her two children by the marriage above mentioned, and the descendants of another child by a former marriage. Suit was brought by the latter, claiming an undivided third interest in the land, and asking for partition.

    *Held:* The wife did not take a fee-simple in the land, nor, upon the facts stated, did any trust result in favor of the wife, or her heirs general. The wife, by her purchase, became a *quasi* party to the proceedings in bankruptcy and bound by the decree confirming the deed to her, and every question now sought to be raised here is concluded by the decree of the bankrupt court which cannot be collaterally assailed.

VOL. CIII—10

Appeal from a decree of the Circuit Court of Rockingham county in a suit in chancery, wherein the appellants were the complainants, and the appellees were the defendants.

*Affirmed.*

The opinion states the case.

*Charles R. Winfield* and *D. O. Dechert,* for the appellants.

*Conrad & Conrad,* for the appellees.

KEITH, P., delivered the opinion of the court.

The bill in this case was filed by Charles G. Trumbo and Mattie L. May, who aver that in October, 1875, John Paul, assignee in bankruptcy of George W. Fulk, a bankrupt, pursuant to an order of the United States District Court for the Western District of Virginia, entered at its place of session at Harrisonburg, Virginia, sold to the bankrupt, George W. Fulk, certain real estate, which constituted a part of his assets; and, thereafter, the purchase money having been fully paid to the assignee, the bankrupt court ordered that a deed be executed and delivered by the assignee, conveying to George W. Fulk the real estate purchased and paid for by him; that some time thereafter Fulk filed with the assignee his written request that the deed, so ordered to be executed, be made to Eve Fulk, his wife, and on the 8th of December, 1881, the United States District Court, by its further order, reciting the fact of its former order for the execution of a deed to George W. Fulk, and of his written request aforesaid, directed that the assignee make a deed, in accordance with said request, to Eve Fulk; and the assignee having prepared a deed to Eve Fulk, the same

was approved and confirmed. Copies of the assignee's report of sale, with its confirmation thereon endorsed, and of the last mentioned order of the United States District Court, duly attested, are filed with the bill as exhibits, and made part thereof. The bill further avers that there appears of record in the clerk's office of the County Court of Rockingham county, a deed of conveyance, bearing date on the 14th day of November, 1881, and admitted to record on the 12th day of December, 1881, a copy of which, marked Exhibit 3, is filed with the bill, wherein John Paul, assignee in bankruptcy of George W. Fulk, is named as grantor, and Eve Fulk as grantee, and in which deed are recited the facts hereinbefore set out of the sale of said real estate by the assignee, the purchase thereof by Fulk, the complete payment of the purchase money to the assignee, the order of the United States District Court for the execution of a deed of conveyance to Fulk, and the written request of Fulk filed with the assignee that the deed be made to Eve Fulk, his wife, by which deed, after the recital of the facts mentioned, the assignee proceeds to convey the said real estate to Eve Fulk for the period of her natural life, with remainder to her children by George W. Fulk; that on the ........ day of .........., 1883, Eve Fulk departed this life intestate, leaving surviving her her husband and three children—two by George W. Fulk, namely, Daniel Fulk and Philip Fulk, and one, Catherine V. Fawley, born to her prior to her marriage with the said George W. Fulk—and that of these children the two first named still survive, while Catherine Fawley died on the....... day of..........., 1888, leaving surviving her the complainants, who are her children and only heirs at law.

These being the facts averred, the plaintiffs claim that under a proper construction of the deed to Eve Fulk, she took a fee simple estate, and that if such be not the true construction of

the deed as actually made, it should be held that, in attempting to limit the estate thereby conveyed to Eve Fulk to a life estate only, the assignee transcended his powers under the orders of the United States District Court, and that so much of the deed as does so restrict the interest of Eve Fulk to a life estate, and confers an estate in remainder therein upon her children by George W. Fulk, is wholly void and inoperative; and that, in any event, it will be held that by reason of the assignee's failure to comply with the orders of the United States District Court, and the written request of George W. Fulk, the deed is wholly inoperative for every purpose, and that Eve Fulk was, in her lifetime, and her heirs at law are, since her death, entitled to an equitable estate in said real estate in fee simple. They claim further that while the original purchase at the sale by the assignee was made by and in the name of George W. Fulk, yet the whole of the purchase money was furnished by Eve Fulk, out of her separate estate, and that regardless of any question as to the construction of the deed, it will be held in equity, that the land so purchased by George W. Fulk in his own name was impressed in his hands with a trust for the benefit of Eve Fulk, and that he held it as a mere trustee for her; and that if it be held that by the terms of the deed of conveyance any interest in the land passed to Philip and Daniel Fulk, yet they having, as complainants allege, paid no consideration for such interest, and being, therefore, not purchasers for value, but mere volunteers, the land will be held charged with a like trust for the benefit of said Eve Fulk and her heirs at law. Complainants then show that they desire to have the real estate partitioned between themselves and Daniel and Philip Fulk, and that they are advised that they have a right to resort to a court of equity for that purpose.

To this bill a demurrer was filed, which the court sustained, and from that decree an appeal was allowed.

A demurrer admits as true all facts which are properly pleaded, but does not admit the conclusions of law from those facts, which the pleader may have seen fit to introduce. It must, therefore, be taken as true that Eve Fulk, out of her separate estate, furnished the consideration which paid for the land in controversy; and that George W. Fulk, in writing, requested that a deed in fee simple be made to her. The exhibits filed with the bill, to-wit, the report of the assignee in bankruptcy to the United States District Court, the order of the Judge of the District Court upon that report, and the deed, speak for themselves.

We cannot concur in appellants' interpretation of the deed. In language too plain to admit of construction, the conveyance is made to Eve Fulk, for her lifetime, and at her death to go to the children of the marriage of Eve Fulk and George W. Fulk. We know of no case which holds, and of no rule of interpretation which justifies us in holding, that this language clothed Eve Fulk with a fee simple title. So to decide would be in the teeth both of the spirit and the letter of the instrument.

Nor can we concur in the contention of appellants, that because Eve Fulk, out of her separate estate, paid the purchase money for this land, and George W. Fulk requested that a deed be made to her in fee simple for the same, under the circumstances disclosed in this record, it created a resulting trust in her, by virtue of which, she being dead, the real estate so purchased passes to her heirs general, instead of to the issue of her marriage with George W. Fulk, as declared in the deed.

It is true that, as a rule, where property is purchased and the conveyance of legal title is taken in the name of one person, while the purchase price is paid by another, a trust at once results in favor of the party who paid the price, and the holder of the legal title becomes a trustee for him. Pomeroy's Eq. (2 Ed.), sec. 1037. But the same author says that in every species

of resulting trust, intention is an essential element. Id. sec. 1031. The general proposition is true that a trust results where the deed is made to A and the price is paid by B, but it is subject to exceptions.

"Wherever the real purchaser—the one who pays the price—is under a legal, or even in some cases a moral, obligation to maintain the person in whose name the purchase is made, equity raises the presumption that the purchase is intended as an advancement or gift to such recipient, and no trust results. If, therefore, a purchase of either real or personal property is made by a husband in the name of his lawful wife, or in the joint names of himself and his wife, or such a purchase is made by a father in the name of his legitimate child, or in the joint names of himself and child, no trust results in favor of the husband or father, but the transaction is presumed to be a gift or advancement to or for the benefit of the wife or child. It appears to be now settled that the same rule applies to a mother who purchases property in the name of her child, or in the joint names of herself and child, and pays the price with her own separate funds; no trust results." 2 Pomeroy's Eq. (2 Ed.), sec. 1039.

Now the case before us upon this point is as follows: George W. Fulk, a bankrupt, purchased at the sale made by his assignee, a part of the real estate which had theretofore belonged to him. His wife, out of her separate funds, paid the purchase price, and he gave a written request, to use the language of the Judge of the District Court, "asking that the deed be made to the said Eve Fulk," or, in the language of the deed itself, "George W. Fulk having filed with said assignee a paper asking the deed to be made to Eve Fulk," in compliance with that request the deed filed in the record was duly executed, conveying the property to Eve Fulk, for her life, and at her death the same to go to the children born of the marriage of the said Eve

Fulk and the said George W. Fulk, her husband. In the order of the District Court it is recited that the case came on to be heard in Dceember, 1881, upon papers formerly read, upon the deed from John Paul to Eve Fulk, to which deed there are no exceptions filed, and the court having inspected the deed "doth adjudge, order and decree that the said deed be, and the same is, in every respect confirmed and approved, and leave is given said Eve Fulk to withdraw said deed from the papers in this cause for recordation."

It will be observed that the court directs the deed to be delivered to Eve Fulk for recordation. It was delivered and recorded. She survived that event about two years, and died as the bill avers in 1883.

Upon the facts set out in the bill, there was no resulting trust. The consideration, it is true, was paid by Eve Fulk, but the fact that the deed was made to her for life, with remainder to her children by her husband then living, in the absence of any other controlling fact or circumstance, is sufficient to repel any presumption of an intention upon her part that a trust should result in favor of herself or of her heirs general.

And again, the title to that land was, by law, vested in the assignee in bankruptcy. Every step which the assignee took with respect to that title was taken by direction of the District Court of the United States, and was reported to and confirmed by the court. By order of that court, the property was sold, by its order the deed was made, and by its decree of December, 1881, every act which we are now called upon to review was expressly and finally adjudicated. Eve Fulk, the purchaser, became, as numerous authorities hold, a *quasi* party to that proceeding; and it appears from the decree that the deed was seen and inspected by the court, that no exception to it was taken, with respect to either form or substance, and it was, therefore, "in every respect approved and confirmed, and leave

is given to the said Eve Fulk to withdraw said deed from the papers in this cause for recordation." To have granted the prayer of the bill would have been, in effect, to annul the decree of the District Court of the United States, and that, too, in a collateral proceeding.

There is no error in the decree and it is affirmed.

*Affirmed.*