*Writt Awarded.*

# CHARLESTON.

STATE *v.* TINOVITS *et al.*

Submitted September 10, 1912.   Decided May 20, 1913.

1. PLEADING—*Scire Facias—Aider by Verdict.*
    Upon a writ of *scire facias* for award of execution on a judgment previously recovered and which recites said judgment, the plea of *nul tiel record,* though proper, and concluding with a verification, but introducing no new matter, amounts simply to the general issue, and omission to enter a similiter or general reply is cured after verdict or finding of the court. (p. 532).

2. COURTS—*Record—Impeachment by Affidavits.*
    The record of a court having jurisdiction of the parties and of the subject matter, and the facts recited therein upon which final judgment was pronounced, cannot, after the end of the term, be impeached by certificates of court officers or *ex parte* affidavits of the parties. (p. 532).

(LYNCH, JUDGE, absent.)

Error to Circuit Court, Lewis County.

Action by the State against Isadore Tinovits, W. W. Brannon, and others.   Judgment for plaintiff, and, defendant Brannon brings error.

*Affirmed.*

*W. G. Bennett, John W. Davis* and *B. S. Stathers,* for plaintiff in error.

*William G. Conley,* Attorney General, for the State.

MILLER, JUDGE:

The present writ of error, obtained by defendant W. W. Brannon, is to a judgment of December 3, 1910, awarding execution upon a former judgment pronounced against him on July 3, 1907, and upon which latter judgment no execution had been previously issued.

The first point urged is that the judgment was pronounced without issue joined on defendant's plea of *nul tiel record*, this plea, as it is claimed, and as the order recites, concluding with a verification. We see nothing of merit in the point. The writ of *scire facias* recites the date, the amount, and the parties to the judgment, recovered in the same court, and on which execution was awarded. The writ is both summons and declaration in such cases. 35 Cyc. 1152. And though the plea of *nul tiel record* is a proper defense, *Greathouse* v. *Morrison,* 68 W. Va. 714, 716, yet in this case it amounts to nothing more than the general issue; it introduces no new matter. *Henry* v. *Ohio River R. R. Co.,* 40 W. Va. 234. And though concluding with a verification nothing but a similiter was called for to complete the issue. Hogg's Pl. & Forms 293, citing for the proposition, *Hunt* v. *Mayfield,* 2 Stewart (Ala.) 124; and *Hall* v. *Williams,* 6 Pick. (Mass.) 232. It is well settled that when the general issue has been pleaded, but there has been no similiter, the verdict cures the error, and the omission of the similiter will not be permitted as error in the appellate court. 8 Enc. Dig. Va. & W. Va. Rep. 296.

Treating the issue as properly made up on the plea, the next point is, that there was no evidence offered to support the writ or declaration. In support of this contention plaintiff in error relies mainly on the judgment order awarding the execution and certain *ex parte* affidavits attempting to impeach the verity of the supplemental record brought up on *certiorari.* The judgment order relied on, after reciting the pleadings, says: "And thereupon, the Court upon inspection of the said writ of scire facias, orders and considers that the State may have execution against the said W. W. Brannon, upon the judgment heretofore entered herein for the sum of Three Hundred Dollars", with interest and costs. It is claimed that this judgment is conclusive of the fact that the court without evidence.

and upon a mere inspection of the writ, pronounced the judgment complained of. We do not think the recital in the judgment conclusive. Besides the supplemental record shows that an order was entered December 6, 1910, at the same term of the court, in and by which it is certified that the record of the judgment upon which execution was awarded, was received in evidence and considered by the court. *Ex parte* affidavits are filed here seeking to impeach the verity of that record, and tending to show that that order of December 6, 1910, was not in fact made in term, but after adjournment, and after the original record filed here had been made up and certified by the clerk of the circuit court. It is conceded, however, that this objectionable order was entered on the order book before the adjourning order was signed by the judge. Can the solemn records of a court be so impeached? We think not. To so hold would be against all authority, and would be dangerous in the extreme. We do not think the affidavit or certificate of the judge himself can be received for this purpose, certainly not in an appellate court. In this case a certificate of the judge filed by plaintiff in error among other things recites: "When I endorsed said order for record, I supposed and believed it represented correctly what had transpired in court. There being so many matters before me in court, I could not remember in detail all that occurred in any particular case, and cannot remember what was read in evidence, or by whom read, nor do I now say that the recitals in said order are incorrect, but do remember distinctly, that after the entry of the order of which Mr. W. W. Brannon complains, he became earnest and insistent in his objections thereto."

The rule is well settled that the record of a court, having jurisdiction of the parties and subject matter, is a verity and can not be attacked. *Braden* v. *Reitzenberger,* 18 W. Va. 286; *State* v. *Vest,* 21 W. Va. 796; *Bank* v. *Houston,* 66 W. Va. 336, 348, 349.

We must, therefore, affirm the judgment.

*Affirmed.*