K. B. STEPHENSON

*v.*

GEORGE P. ASHBURN

(No. 10400)

Submitted April 15, 1952.  Decided May 20, 1952.

Fox, JUDGE, not participating.

*Haymond Maxwell, Sr., Handlan & Overton,* for appellant.

*Wm. Bruce Hoff,* for appellee.

GIVEN, JUDGE:

On November 13, 1928, upon notice of motion for judgment in the Circuit Court of Wood County, George P. Ashburn, Elnora Ashburn, Earl C. Linger and Leora V. Linger obtained a judgment against K. B. Stephenson for $6,773.77. By assignment George P. Ashburn became owner of the interests of the Lingers in the judgment. Various attempts were made by the Ashburns to collect the judgment, by execution and otherwise, without success and, on August 29, 1949, a summons was issued directing Stephenson to appear before a commissioner in chancery to make answer to interrogatories. Before the hearing Stephenson instituted a chancery proceeding praying that the Ashburns be enjoined from further attempting to collect the judgment, contending that the judgment was void for the reason that after he had demanded a jury trial of the issue in the notice of motion for judgment proceeding a default judgment had been entered against him. Ashburn answered the bill of complaint and set up a claim for affirmative relief, alleging that the judgment was not, in fact, a default judgment, but that the action of the clerk in entering the judgment as a default judgment was a clerical mistake. The prayer of the cross-bill was that the record of the notice of motion for judgment proceeding "be changed and corrected to show the presence in court at the time of the hearing of said notice of motion for judgment, of the said K. B. Stephenson and his attorney, * * *." The circuit court sustained a demurrer to the answer and cross-bill, held the judgment void and granted the injunction. This Court granted an appeal to George P. Ashburn.

An order entered in the notice of motion for judgment proceeding discloses that on the return day of the notice, May 19, 1928, Stephenson appeared and "filed counter-affidavit and demurred to the notice filed in this cause, and moved the Court to quash the same, which motion

being argued by counsel and maturely considered by the Court is overruled. Thereupon defendant for plea says he did not assume upon himself in manner and form as in plaintiffs' notice alleged, and of this he puts himself upon the country and the plaintiffs doth the like and issue thereon is joined." Nothing further was done in the proceeding until the regular October, 1928, term of court, at which term on November 13, 1928, the following order was entered: "This day came the plaintiff, by counsel, and the defendant though duly summoned and being solemnly called, came not. Thereupon the Court in lieu of a jury proceeded to examine evidence and affidavit filed by plaintiff, and ascertain the amount, if any, plaintiff is entitled to recover in this action, and doth ascertain the same to be $6773.77, with interest thereon from April 27th, 1928, until paid. Therefore it is considered by the Court that the plaintiffs recover against the defendant said sum of $6773.77 with interest thereon as aforesaid, together with their costs in this behalf expended." There exists no record, quasi record or memorandum indicating any intention of the court to enter any judgment other than the one just quoted.

Stephenson contends that the judgment is void for the reason that, after having filed a plea of the general issue and after having put himself upon the country, the court had no power or jurisdiction to enter a judgment in the proceeding, in absence of a waiver of a trial by jury, entered of record. The position of Ashburn is that, though the judgment, on the face of the record, may be invalid, the invalidity results from a clerical mistake of the clerk of the court, and that the mistake may be corrected by a *nunc pro tunc* order, with the aid of parol evidence.

The controlling question relates to the validity of the judgment under attack. If it is void little more need be said, inasmuch as a judgment void for the reason that the court entering it had no jurisdiction to do so can not be considered as having resulted from a clerical mistake and can, in no manner, be corrected by a *nunc pro tunc* order.

A void order is not a verity. It can be attacked at any time, directly or collaterally. *Matheny* v. *Greider,* 115 W. Va. 763, 177 S. E. 769; *Jennings* v. *Judge,* 56 W. Va. 146, 49 S. E. 23; 49 C. J. S., Judgments, Section 421; 31 Am. Jur., Judgments, Sections 597 and 604.

Section 13 of Article III of the State Constitution provides: "In suits at common law, where the value in controversy exceeds twenty dollars exclusive of interest and costs, the right of trial by jury, if required by either party, shall be preserved; * * *." In *Matheny* v. *Greider, supra,* Point 1, syllabus, this Court held: "The filing of a plea of the general issue is tantamount to demanding trial of the action by jury." Of course a trial by jury may be waived, but the waiver must appear of record. Chapter 116, Section 29, 1923 Code; Code, 1931, Chapter 56, Article 6, Section 11; *Lipscomb* v. *Condon,* 56 W. Va. 416, 49 S. E. 392, 67 L. R. A. 670, 107 Am. St. Rep. 938; *King* v. *Burdett,* 12 W. Va. 688. In *Salzer* v. *Schwartz,* 88 W. Va. 569, 107 S. E. 298, the Court, in its opinion, stated: "The waiver need not be in express words; but if it appears from the record that such waiver was intended by conduct of the parties it is sufficient. But we repeat that this must be shown from the record. If the record be silent no waiver can be inferred. As was said by Judge POFFENBARGER in *Lipscomb* v. *Condon,* 56 W. Va. 445: 'That a jury may be waived is beyond doubt, but the legislature has seen fit to prescribe the manner in which such waiver shall be shown, namely, by consent of the parties or their counsel, entered of record. * * *.' " Upon authority of these decisions we must necessarily hold that Stephenson did not waive trial by jury.

It is clear, therefore, that the Constitution preserved unto Stephenson the right to a jury trial; that he demanded such a trial; that no waiver thereof was entered of record; and that on the face of the record he was denied a jury trial. In the *Matheny* case, Point 2, syllabus, this Court held: "When a trial by jury has been demanded in an action involving more than twenty dollars, the impaneling of a jury to try the issue is a jurisdictional re-

quirement, and a judgment rendered without complying with it is void." In the opinion in the *Matheny* case the Court stated: "Section 13, article III, of our Constitution gives the absolute right to trial by jury when the matter in controversy exceeds twenty dollars, provided that right is asserted. We believe that this right would not be adequately protected were we to hold that it not being accorded in a proper case was merely error that would have to be directly corrected. The language of the constitution is mandatory and the right itself is fundamental. We are therefore of opinion that the question is jurisdictional. * * *".

In 11 M. J., Judgments and Decrees, Section 145, it is stated:

"As mentioned previously, a void judgment is no judgment at all, but a mere nullity and may be assailed in any court, anywhere, whenever any claim is made or rights asserted under it. It neither binds nor bars anyone, and all proceedings under it are ineffectual to confer title, or afford protection to anyone. And no act of ratification can impart vitality to it. Its payment may be resisted by other creditors interested in the fund sought to be subjected, and who would be prejudiced thereby.

"If the judgment is null, no action, on the part of the plaintiff, no inaction upon the part of the defendant, and no resulting equity in the hands of third persons, can invest it with any of the elements of power or vitality. A void judgment may be attacked either directly or collaterally. * * *." See *Jennings* v. *Judge, supra.*

Ashburn contends that the record of the notice of motion for judgment proceeding may be corrected to show that Stephenson agreed and consented to the entering of the judgment; in other words, that the judgment was one by consent, and not one by default. He offers parol evidence only for that purpose. Assuming the judgment to have resulted from a mere clerical error, the mistake would necessarily have to appear upon the face of the record before it could be corrected. What Ashburn seeks to have

done here is not a correction of a clerical error shown of record, but the entry of a new and different judgment. See *Stannard Supply Co.* v. *Delmar,* 110 W. Va. 560, 158 S. E. 907. A clerical error is defined in 14 C. J. S., page 1202, as follows: "An error committed in the performance of clerical work, no matter by whom committed; more specifically, a mistake in copying or writing; a mistake which naturally excludes any idea that its insertion was made in the exercise of any judgment or discretion, or in pursuance of any determination; an error made by a clerk in transcribing, or otherwise, which must be apparent on the face of the record, and capable of being corrected by reference to the record only. It has been said that a clerical error exists when without evident intention one word is written for another, when the statement of some detail is omitted the lack of which is not a cause of nullity, or when there are mistakes in proper names or amounts made in copying, which do not change the general sense of a record, and that it implies negligence or carelessness."

In *Stannard Supply Company* v. *Delmar, supra,* Point 2, syllabus, this Court held: "In this state the rule is that 'a *nunc pro tunc* order can only be made upon showing some entry or memorandum upon the records or *quasi* records of the court, and that parol evidence of the rendition of the judgment and its terms cannot be received, at least until such entry or memorandum is produced.'" See *State* v. *Underwood,* 130 W. Va. 166, 43 S. E. 2d 61; *Highland* v. *Strosnider,* 118 W. Va. 647, 191 S. E. 531; *Cameron* v. *Cameron,* 105 W. Va. 621, 143 S. E. 349; *Shamblen* v. *Hall,* 100 W. Va. 375, 130 S. E. 496; *State* v. *Tinovits,* 72 W. Va. 531, 78 S. E. 664; *Stewart* v. *Stewart,* 40 W. Va. 65, 20 S. E. 862; *Stringer* v. *Anderson,* 23 W. Va. 482; 11 M. J., Judgments and Decrees, Section 120. Applying the rule announced by these authorities, it is clear that the judgment attacked can not be changed or corrected by a *nunc pro tunc* order.

We are not unmindful that some authorities contend for what they believe to be a more liberal view, which

would permit the correction of judgments and decrees to be made, after the term at which entered, upon extrinsic evidence, although the error sought to be corrected be not shown or indicated by the record or in any memorandum of the court. See *Jones* v. *Gallagher,* 64 Okla. 41, 166 P. 204; *Dickey* v. *Clark,* 192 Ark. 67, 90 S. W. 2d 236; *Jacks* v. *Adamson,* 56 Ohio St. 397, 47 N. E. 48; Black on Judgments, 2d Ed., Section 165. The rule, however, applied in the *Stannard Supply Co.* case and other cases cited above is firmly established in this jurisdiction.

Appellant further contends that the allegations of the cross-bill are admitted to be true by the demurrer thereto, and that it must be considered, as having been established in this proceeding, that the judgment attacked was entered by agreement and consent of Stephenson. We think there is no merit in the contention. The answer and cross-bill admits the record of the notice of motion for judgment proceeding to be as set out in the bill of complaint. No dispute of facts exists as to what the record shows. Questions of law as to the effect of the record only are raised. Demurrers, of course, do not admit rules of law. "A demurrer, while admitting as true all facts properly pleaded, does not admit conclusions of law from the facts in the pleading." Point 1, Headnotes, *Trumbo* v. *Fulk,* 103 Va. 73, 48 S. E. 525. Only the truth of matters of fact well pleaded and inferences or necessary presumptions fairly attributable to such facts are admitted. *Brown* v. *Cabell,* 111 W. Va. 186, 161 S. E. 438; *Browning* v. *Browning,* 85 W. Va. 46, 100 S. E. 860; 6 M. J., Demurrers, Section 28.

Finding no prejudicial error in the decree of the Circuit Court of Wood County, it is affirmed.

*Affirmed.*