# CHARLESTON.

## KELTY *v.* HIGH.

Submitted January 17, 1887.—Decided February 12, 1887.

DECREE—MODIFIED OR ANNULLED.

In 1881, " K " filed his bill against " H and wife " seeking to set aside as fraudulent and void, a voluntary conveyance of certain lands from " H " to his wife and praying that the same may be sold to satisfy his judgment against " H." On the 9th of December, 1881, the cause was heard upon the bill taken for confessed against " H and wife," and the court entered a decree annulling said conveyance, and directing a sale of the lands conveyed to the wife, to pay the judgment against " H." On the 23d of December, 1881, and during the same term, the court on motion of " H and wife," set aside the decree of the 9th of December, 1881, and allowed them to answer the bill. HELD :

I. *During the term of the court* at which a decree is entered, it is completely under the control of the court, and may be modified or annulled on motion, or at the suggestion of the court without motion.

II. The court did not err in setting aside the decree of the 9th of December, 1881, and in allowing the defendants to answer the bill. (p. 383.)

*H. D. Shrewsbury* for appellants.

*W. S. Laidley* for appellees.

WOODS, JUDGE :

At August rules, 1881, G. L. Kelty and J. B. Kelty filed their bill in the Circuit Court of Kanawha county against William C. High and his wife, Jane C. High, alleging, that on the 15th of February, 1876, said Wm. C. High was indebted to them in the sum of $472.10, payable on the 1st of March, 1876, and on the sum of $175.00 then due ; that on the 24th of February, 1879, they recovered against him in the County Court of said county a judgment upon said claims for the sum of $602.10 with interest from that date until paid and $11.10 costs, an abstract of which judgment was recorded

on the judgment-lien-docket of said county on the 3d of April, 1879; that by deed dated and recorded on the 26th of August, 1876, Wesley Mollohan, special commissioner, conveyed to said Wm. O. High eight lots of land in Alden City, in said county, which said High by deed dated August 29th, 1876, and recorded on the 12th of September, 1876, conveyed to his wife, Jane C. High.

The plaintiffs charge, that the conveyance from Wm. O. High to his wife was a voluntary conveyance, and is as to this judgment void, because the debts, on which it was based, were incurred before the date of the conveyance to Jane C. High, and pray, that the same may be declared void as to their judgment, and that the lots may be sold to satisfy the same, and for general relief.

The plaintiffs filed as parts of their bill copies of the deeds from Mollohan to Wm. O. High, and from the latter to his wife, whereby it appears, that the consideration in the deed to Wm. O. High was $94.50, and that in the deed from him to his wife $50.00. The value of these eight lots is not otherwise alleged or proved. The defendants failing to appear, the bill was taken for confessed and set for hearing at September rules, 1881, and at a Circuit Court of said county, held on the 9th of December, 1881, the cause was heard upon the bill taken for confessed and exhibits, and on consideration thereof, it was adjudged, ordered and decreed, that the defendant, Wm. O. High, pay to the plaintiffs the sum of $715.55 with interest from that date, being the amount of their said judgment and the costs of their suit; and that as to the amounts so decreed, the said deed to Jane O. High be vacated, set aside and held for naught; and that, unless said sum be paid within thirty days, a special commissioner appointed for the purpose should sell all of said lots at auction on terms prescribed in the decree. On the 13th of December, 1881, and during the same term of the Circuit Court, the defendants appeared by their counsel and moved the court to set this decree aside and in support of their motion tendered an affidavit of Wm. O. High, which was without objection filed.

The Circuit Court on the 23d of December, 1881, and during the same term thereof vacated, annulled and set aside

the decree of the 9th of December, 1881, and allowed the
defendants to answer the plaintiffs' bill; to which judg-
ment of the court setting aside the decree and allowing
the defendants to answer the bill, the complainants ex-
cepted and objected, and on the 21st of November, 1885,
obtained this appeal.

It is insisted by the appellants, that the decree of the 9th
of December, 1881, was a *final* decree, and could be reached
only by a petition for rehearing, and could not be annulled
on motion ; and therefore the court erred in rendering the
decree of the 23d of December, 1881.

They further insist that the affidavit filed was wholly in-
sufficient as a petition for a re-hearing of the decree of the
9th of December.   So far as we are able to judge from the
transcript of the record of this cause, no objection was made
to the form of the bill.   If it had been .demurred to, it
is questionable, whether upon the facts stated therein the
plaintiffs would.have been entitled to the relief prayed for.

It is not alleged that the plaintiffs demand has not been
paid, and we can only infer that fact from the prayer of the
bill, that the lots may be sold in *satisfaction* of the plain-
tiffs' judgment.   In the present condition of the case it is
unnecessary to decide and we do not decide, whether this is
a sufficient allegation, that the plaintiffs' judgment remains
unpaid.

Neither is it necessary for us to decide whether the decree
of the 9th of December, 1881, if it had not been set aside dur-
ing the same term, would have been final, or an interlocu-
tory decree.   The real question to be determined is, whether
the decree of the 9th of December ever was a decree.

It was entered on the 9th of December, and on the 23d of
December, and during the same term of the court, was set
aside, vacated and annulled.

Had the Circuit Court the right to set it aside ? If it had,
then by the decree of the 23d of December it was set aside,
and the cause stood precisely as if the decree of the 9th
of December, 1881, had never been made !

In *Commonwealth* v. *Cawood*, 2d Va. Cases 527, the gen-
eral court announced the law to be, that " during the term
the records are in the breast of the court, and they may be

amended, but after the term no amendment can be made, except a mere clerical misprision."

In *Manion* v. *Fahy*, 11 W. Va. 496, Judge Green delivering the opinion of this Court, laid down the rule of law on this subject as follows : " During the term of the court at which a decree is entered it is completely under the control of the court, and it may on motion or at the suggestion of the court without motion, be modified, or annulled."

In *Smith & Atkinson* v. *Knight*, 14 W. Va. 759, Judge Moore delivering the opinion of this Court laid down the same rule in these words :—" During the term the record remains in the breast of the judges of the court, and in their remembrance, and therefore the roll is alterable during that term as they shall direct."

And in *Bank* v. *Jarvis*, 26th W. Va. 785, Judge Snyder delivering the opinion of this Court, in a case where a decree confirming a sale of lands made by a commissioner, had been set aside during the same term, said :—" It is true, that a decree was put on the record confirming the sale ; but it is also true, that at a subsequent day of the same term, that decree was set aside by an order of the court. This order operated as an absolute obliteration of said decree, and at the end of the term, the record was in precisely the same condition in law and effect as if said decree had never been entered, or had been entirely erased from it. All the rights or effect which the decree might have conferred or had, if it had been permitted to remain on the record became inoperative, and passed entirely out of existence with the decree itself."

The same principle is laid down in 2d Barton's Ch'y Prac., sec. 237 ; *Single, &c.*, v. *Cook's Admrs.*, 32 Gratt. 262.

Speaking of a final decree, Prof. Minor in part 2, vol. 4, of his Inst., says : It must be understood, that it is not properly a decree at all, until the *end of the term*, at which it is pronounced, being then *in fieri*, and in the breast of the Court."

Applying this principle of law to the case under consideration, we are of the opinion that the decree of the 9th of December having been set aside, during the same term at which it was entered, it was in law, no decree at all, either

interlocutory or final, and that the record at the end of that term, was precisely in the same condition as it would have been, if the decree of the 9th of December had never been entered, except that by the decree of the 23d of December, the defendants had then appeared, and had obtained leave to answer the bill, which they clearly had the right to do, under sec. 53 of chap. 125 of the Code, without such leave.

For these reasons we are of opinion that the Circuit Court did not err in setting aside the decree of the 9th of December, 1881, and allowing the defendants to answer the bill.

The decree of the Circuit Court of Kanawha county entered on the 23d of December, 1881, is affirmed with costs to the appellee and $30.00 damages.

AFFIRMED.