### GREEN'S ADM'R

*v.*

### GRIFFIN'S ADM'R.

*(Supreme Court of Appeals of Virginia, Dec. 22, 1894.)*

[20 S. E. Rep. 775.]

**Executors and Administrators—Claim against Decedent's Estate—Laches.***

In 1859, G.'s executor settled his accounts, showing a balance due the estate by him. The executor died in 1860, and an administrator d. b. n. c. t. a. of G.'s estate was appointed. In 1875, in a creditors' suit against the executor's estate, such claim was reported favorably, as a just debt owing by the executor's estate; and thereafter the same report was repeatedly made, and confirmed by the court: *held*, there was no laches in asserting said claim.

Appeal from circuit court, Fauquier county.

Suit by one Hamilton against Green's administrator. A claim against the estate of said Green in favor of J. M. Griffin, as administrator d. b. n. c. t. a. of A. W. Griffin, deceased, was sustained, and Green's administrator appeals. Affirmed.

*Green Bros.*, for appellant.

*G. D. Gray*, for appellee.

FAUNTLEROY, J., delivered the opinion of the court.

The petition of J. Ambler Brooke, administrator d. b.

*See monographic note on "Executors and Administrators," Va. Rep. Anno.

n. c. t. a. of John C. Green, deceased, complains of a final decree of the circuit court of Fauquier, rendered on the 13th April, 1892, in a chancery cause therein pending, under the style of ''Hamilton, Assignee, Complainant, against Green's Ex'r,'' etc., which said decree confirms the master commissioner's report, allowing as a debt or liability of the estate of the appellant's testator, John C. Green, deceased, a claim of J. M. Griffin, administrator d. b. n. c. t. a. of A. W. Griffin, deceased. The said decree is founded primarily upon the last recorded settlement of John C. Green, executor of the said A. W. Griffin, made in the year 1859, showing an indebtedness of the said executor John C. Green to the estate of his testator, A. W. Griffin, of a large amount.

The sole question is the defense of laches. The circuit court held that, under the proofs in the cause and all the circumstances in the case, the plea or defense of laches could not properly be set up and allowed to defeat the claim of the appellee in this case, and, by the decree appealed from, ordered that John F. Rixey, commissioner, out of any money now in his hands, or hereafter received by him from the sales of the lands reported in this cause, pay to J. M. Griffin, administrator d. b. n. c. t. a. of A. W. Griffin, deceased, or G. D. Gray, his attorney, the sum of $2,016.57, with interest on $447.47, the principal, from December 1, 1891, according to the report of Commissioner Turner, confirmed by the said decree of January 15, 1892. It appears conclusively, by the record in this case, that John C. Green settled his accounts as personal representative of A. W. Griffin, deceased, showing a balance due from him as such personal representative to the estate of the said A. W. Griffin, deceased, of $1,823.38, in 1859. John C. Green died in 1860, and J. W. Green qualified as administrator d. b. n. c. t. a. of the said estate of A. W. Griffin, in October, 1860. In 1875, in the general creditors' suit of Hamilton against

John C. Green's estate, and also on account of the administration of J. W. Green on the estate of John C. Green, deceased, various reports were made and recommitted. In 1886 the administrator of A. W. Griffin came into this pending suit, and proved his debt by the record due by J. C. Green, a former administrator of A. W. Griffin, to the estate of A. W. Griffin.

The claim was reported by Commissioner Stallard, in 1886, and reaffirmed and reported again and again, with all the light that could be brought to bear upon its investigation, the last time in 1890 ; and these reports were again reaffirmed by Commissioner Turner in 1891, which last said report was confirmed by the decree of the circuit court appealed from.

The said master commissioners to whom the investigation was referred, over and over again, approved, allowed, and reported the claim of the appellee as a just record debt against the estate of J. C. Green, and that there was nothing to justify the exclusion of the said claim from payment out of the assets of the said estate under the control of the court; and in this opinion the court concurred. We concur with the opinion of the circuit court that the defense of laches, which is the only defense set up against the payment of this admitted record debt, ought not and shall not be allowed in this case. There is no error in the decree appealed from, and the same is affirmed.

LACY, J., absent.