# CHARLESTON

## HEVENER *v.* HANNAH.

### Submitted February 13, 1906.    Decided April 17, 1906.

1. LIMITATION OF ACTIONS—*Dismissal of Actions—Claims Against Estate.*

   Executors bring a suit in equity to settle their accounts, setting up in their bill that Hevener claims a debt against their decedent. stating its nature, and denying it, and asking the court to adjudicate as to its validity. Hevener files an answer setting up his debt and asking a decree for it against the estate. The bill is dismissed for want of jurisdiction in equity. *Held,* Hevener is allowed one year after such dismissal to save a suit by him from the statute of limitations by force of section 19, chapter 104, Code 1899. (p. 479.)

2. SAME—*Suits in Equity and Actions at Law.*

   Section 19, chapter 104, Code 1899, applies to both suits in equity and actions at law. (p. 478.)

3. SAME—*Action Pending—Objections.*

   The time of the pendency of such suit is to be excluded from

computation under the statute of limitations in a new suit for the debt, because the former suit is an obstruction under section 18, chapter 104, Code 1899.  (p. 479.)

Appeal from Circuit Court, Pocahontas County.

Action by Uriah Hevener against Samuel B. Hannah and C. A. Lightner, executors.  Decree for defendants, and plaintiff appeals.

*Reversed.*

McWhorter & McWhorter, for appellant.

L. M. McClintic, for appellees.

Brannon, Judge :

Uriah Hevener claims a debt against the estate of Allen Galford.  It is for contribution for executions paid by Hevener in which Galford was a co-surety.  The executors of Galford filed a bill against the representatives of Galford setting up their rights under Galford's will, and bringing his assets before the court, and stating at large the facts touching the demand of Hevener, contesting it on certain grounds, asking the court to adjudicate as to the validity of Hevener's demand, and making Hevener a defendant.  Hevener filed an answer setting up fully his demand against Galford's estate, and praying that it be decreed to him.  The answer was treated as a cross-bill, and resisted by demurrer and answer filed by certain legatees under the will of Galford.  The case came to this Court and by its decree a demurrer to the bill was sustained, and the bill dismissed for want of equity jurisdiction without prejudice.  *Hannah and Lightner* v. *Galford,* 55 W. Va. 160.  Within one year after such dismissal, Hevener brought a chancery suit against Hannah and Lightner, executors of Galford, setting up his demand against Galford's estate, and asking a decree therefor.  Hevener's bill was dismissed on demurrer and he appealed.

The chief ground suggested to sustain the decree is that the demand of Hevener was barred by the statute of limitations when the suit began.  This involves the question whether Hevener's demand is saved from that statute by reason of the pendency of the first named suit under section 19, chapter 104, Code of 1899, giving one year for a new suit after dismissal or failure of a former suit in cases in it specified.  It is claimed that the second suit, being a chancery

suit, not an action at law, is not saved by that section. *Dawes*
v. *New York, etc.*, 96 Va. 733, is cited to sustain this posi-
tion. It holds that the word "action" in this section is used
in a technical sense, and applies to actions at law only, not to
suits in equity. That case concedes that if the new suit is
because of loss of papers it is saved, though in equity, though
not in other cases. We are not disposed to concur in that
decision where the new suit is for other reasons. It seems a
technical construction to say that "action" as used in such
remedial statute, made to save loss of rights, applies only to
suits at common law, saving only where the dismissal is of
such suit, not saving where a suit in equity is dismissed,
though for like cause. Why the distinction? Where the
reason or justice of it? The court regretted to be called on
to make the decision. But on scrutiny it will appear that we
are not called on to follow, or refuse to follow, that decision.
The Virginia statute differs from ours. Our statute, after
speaking of dismissals of actions for certain grounds, says:
"Or if there be occasion to bring a new suit by reason of the
said cause having been dismissed for want of security for
costs, or by reason of any other cause, which could not be
pleaded in bar of an action." Notice the words "*said* cause."
This word "said" refers to the action already spoken of, and
I say that if the first suit be a chancery suit, as the second
would for the same cause likely be, the second suit would be
saved from limitation. And the word "cause" would cover
a chancery suit. The Virginia court admits that the word
"suit" in the section includes a chancery suit, and as our sec-
tion contains that word "said," it is to be construed as con-
templating a dismissed chancery suit. The Virginia section
does not have the word "said" which ours has. We think
this consideration would save the new suit, though the former
one was in equity. But there is the language "if there be
occasion to bring a new suit by reason of said cause having
been dismissed for want of security for costs, or by reason of
any other cause, which could not be plead in bar of an ac-
tion," the further time shall be given, "notwithstanding the
expiration of the time within which a new *action or suit* must
have otherwise been brought." First, this allows a new
"suit," which word covers any suit at all, wherever the old
suit ended by reason of any cause not barring an action,

which means action or suit. These words are not in the Virginia section. Second, it says notwithstanding the expiration of the time within which "a new action or *suit* must otherwise have been brought." This covers both law action and equity suit, and both the words new "action" and "suit" are in the most material part of the section, that giving further time, showing intent to save any legal proceeding. Why give this remedial section, intended to save rights by giving new suit where a former one was lost for a cause not deciding the merits, so technical a construction, where both words "action" and "suit" are used, and deny one character or suit relief and grant it to another similarly situated?

It is objected that Hevener was not plaintiff in the former suit, did not move it, and therefore the statute does not save him. He was brought into court upon his demand by the executors for litigation of his debt. He acknowledged the suit by filing an answer seeking relief. Now, the equity or liberality of this statute is designed to give extended time for another suit in any case where the first suit involved the same cause of suit, and failing to give relief for any cause not a bar to another suit. No matter why the case failed of relief, unless by voluntary non-suit. *Ketterman* v. *R. Co.*, 48 W. Va. p. 709; *Lawrance* v. *Winifred, Id.* 139. It was Hevener's suit as to his claim, as he, at the bidding of the executors, availed himself of their suit for relief, and it does not lie in their mouths to now deny that it was not Hevener's suit. If Hevener had brought a suit while that suit was pending it would have been dismissible under the law of another suit pending. Two suits would not be tolerated. Hogg's Eq. Procedure, section 289; 1 Cyc. 21; 1 Ency. Pl. & Prac. 750; *Foley* v. *Ruley*, 43 W. Va. 513.

And may we not say that by their suit, thereby disabling Hevener from suing, the executors obstructed Hevener in the prosecution of a suit on his demand, within the meaning of Code, chapter 104, section 18? *Reynolds* v. *Gawthrop*, 37 W. Va. 3; *Thompson* v. *Whitaker*, 41 *Id.* 574. This would exclude the time of the pendency of that suit.

The decree is reversed, the demurrer overruled and the cause remanded to the circuit court for further proceedings there to be had.

*Reversed.*