# CHARLESTON.

APPLEGATE v. WELLSBURG BANKING & TRUST CO.

Submitted January 13, 1910.   Decided December 20, 1910.

1. SPECIFIC PERFORMANCE—*Contracts Enforceable—Compelling Issuance of Proper Certificate of Stock.*

A subscriber to the capital stock of a private corporation, after having fully paid for his shares therein, may compel the issuance of a proper certificate for the same by a bill in equity for specific performance of the contract for the shares.

2. SAME—*Subscription to Capital Stock—Actions to Compel Issuance of Proper Certificate.*

The owner of such shares, holding a certificate in which the number thereof is erroneously designated in the margin by a figure, and in the body of which the number is correctly written, may maintain such a bill to compel the issuance of a cor-

rect certificate, on the refusal of the corporation to recognize and treat the certificate as one for the correct number of shares and assertion of its claim that the certificate is one for the smaller number, indicated by such figure.

3. SAME—*Subscription to Stock—Issuance of Erroneous Certificate —Action to Compel Corrections—Sufficiency of Bill.*

In such a bill, it suffices to allege ownership of the shares,·error in the certificate, refusal to pay dividends on it as one for the correct number of shares, denial of its validity as a certificate for such number and assertion of a claim that it is one for the smaller number, erroneously indicated by the figure, and pray an adjudication of complainant's right to the shares she owns and compulsion of issuance of a correct certificate therefor and payment of dividends.

4. SAME—*Issuance of Certificate—Action to Compel Correction— Sufficiency of Bill.*

Inability of the corporation to issue the shares, in such case, is matter of defense which the bill need not negative.

5. SAME—*Stock Certificate—Suit to Compel Issuance of Correct Certificate—Laches.*

In the absence of any element of estoppel, disclosed by the bill, the admission of complainant's right in the certificate excuses delay in the application for relief, due to ignorance of denial of that right.

Appeal from Circuit Court, Brooke County.

Action by Mina W. Applegate against the Wellsburg Banking & Trust Company. Judgment of dismissal and plaintiff appeals. ·

*Reversed and Remanded.*

*J. B. Sommerville,* for appellant.

*F. A. Chapman* and *E. E. Carter,* for appellee.

POFFENBARGER, JUDGE:

The complaint of Mina W. Applegate, on appeal, is that the circuit court of Brooke county erroneously sustained a demurrer to her bill against the Wellsburg Banking & Trust Company, to compel correction of a certificate of stock, issued to her, or the issuance of a new certificate for the number of shares of its capital stock to which she is▸ entitled, and the dismissal of her said bill on her refusal to amend the same.

She purchased five shares of its capital stock in the year 1902, and, in March, 1903, five additional shares, all of the par value of one hundred dollars each. A certificate was issued to her calling for five shares under one designation and ten under another. After the word "shares" on the margin the figure "5" was inserted. In the body of the certificate the word "ten" was written before "shares", in the space left for that purpose. Afterwards the complainant bought other stock of the defendant which is not in any way involved here. Whether she received any dividends on any of this stock prior to 1908, the bill does not say. In that year, a dividend was declared and a check sent to her for the portion thereof assigned to her. Upon the receipt of the check, she made inquiry as to the rate of the dividend declared, and thus ascertained that the apportionment had been made to her on the basis of five shares instead of ten, as to the stock represented by the certificate above described. She then notified the defendant that she was entitled to ten shares at the date of the certificate, that her certificate was for ten shares, and that she was entitled to them, and demanded her dividend on the basis of ten shares in accordance with the facts shown by the body of the certificate. The defendant refused to recognize the certificate as one for ten shares and also to pay dividends on it as such, and claimed, for the first time, that it was a certificate for only five shares. She prays for adjudication of her right to said ten shares of stock, as of the 8th day of April, 1903, the date of the certificate, the issuance of a correct certificate therefor and payment of all unpaid dividends thereon.

Regarding the certificate as one for ten shares, the recovery of dividends thereon as the sole object of the bill, and the remedy at law as appropriate, full and complete, the circuit court dismissed the bill, as stated. We are unable to concur in this view. The court below recognized the right of a stockholder to compel specific performance of the contract with the corporation for the issuance of stock, and this application of the equitable remedy of specific performance is settled beyond question. *Snyder* v. *Bridge Co.,* 65 W. Va. 1; *Telegraph Co.* v. *Davenport,* 97 U. S. 369; *Bank* v. *Seton,* 1 Pet. 299; *Feckheimer* v. *Bank,* 79 Va. 80; Helliwell on Stocks & Stockholders, section 114. Subject to the exceptions that the ownership of corporate

property is not legally in the stockholders, that their liability is limited by the amount of their subscriptions or by statute, that the management and control of the corporate affairs is in the hands of the corporate officers, and some others, the relation of stockholders of the corporation to one another, and their respective interests in the social property and funds, are identical with the relation existing between co-partners and the rights and interests of the members thereof in respect to the property, funds and powers under the contract. *Dilch Co. v. Zellerbach,* 99 Am. Dec. 300-10; *Simpson* v. *Denison,* 10 Hare 51; *Germer* v. *Gas & Oil Co.,* 60 W. Va. 143, 159, (dissenting opinion). Right to admission and recognition as a stockholder is therefore in the nature of an equitable right. It is the right to an equitable interest in the assets of the corporation, though the shares are property in the legal sense of the term and may pass by barter and sale as other property. At the same time, however, they give only a limited, remote and indirect right of participation in the management of the corporate business. This right is such in its nature that damages for loss thereof do not constitute full compensation for deprivation thereof. The trial court, as we have said, does not deny nor fail to recognize the jurisdiction in equity to compel issuance of shares of stock, when they are wrongfully withheld by the corporation; but, adopting the view that the designation of shares by the figure on the margin of the certificate must yield to the designation thereof by a written word in the body of the certificate, that court said the certificate, on its face, entitled the plaintiff to ten shares, just what she claims, and concluded, therefore, that the object of the bill was merely to obtain payment of dividends already declared, a right for the vindication of which the legal remedy is adequate. But, in our view of the bill, its real and substantial object is to obtain admission and recognition of the plaintiff as the holder of ten shares, the corporation having denied her this status. Its refusal to pay the dividend on ten shares is merely an incident or consequence of the denial of such right. Though, legally construed, this certificate may represent ten shares, it remains nevertheless that the corporation has refused to recognize it as such in the payment of dividends. A like attitude on its part would no doubt be assumed, if the plaintiff should attempt to vote these shares in a stock-

holders' meeting, or use them in any other way for participation in such proceedings as stockholders have the right to participate in. Further facts the complaint was probably able to state, such as that the stock book and other records of the bank accredited to her only five shares, and a specific prayer for their correction in accordance with her rights, would have disclosed this character of the bill more fully and made a clearer case for equitable relief; but the general allegations of non-recognition of the true tenor and effect of the certificate and claim that it was one for only five shares substantially cover all this ground in our opinion. The prayer goes beyond recovery of dividends and is based on allegations of fact sufficient to sustain it.

It is also insisted that the bill, treated as one for equitable relief, is insufficient, because it fails to show that the corporation has five shares of unissued stock it could issue to her in obedience to such a decree as she asks. This is matter of defense, lying peculiarly within the knowledge of the defendant. The answer may disclose it. In that event, alternative relief could be given by a decree for money. *Snyder* v. *Bridge Co.,* cited.

The defense of laches is also invoked, five years having elapsed since the issuance of the certificate, within which period several annual meetings of stockholders presumptively occurred. The bill denied knowledge on the part of the plaintiff of the denial of her right by the defendant earlier than 1908, the year in which it was filed. Then it was made known to her only in response to an inquiry as to the rate of dividends declared. She says she then discovered, for the first time, that the defendant claimed the certificate to be one for only five shares. During this period of five years, she may have received dividends under the belief that they were paid on all of her shares in the absence of any memorandum or circumstance, indicative of the contrary, and without reason to suspect it. She may not have personally participated in any of the stockholders' meetings. It does not appear that she did, but if so, she might well have assumed that she was a participant on the basis of ten shares and refrained from inquiry as to that, in the absence of any notice that her certificate was regarded as one for only five shares. Such meetings are generally friendly, informal and unattended by any critical inquiry as to the rights of stockholders. As her certificate, properly read and legally construed, entitled her to ten

shares of stock, we think it excused her from the exercise of the extreme diligence the defense of laches would impose upon her as a duty in the premises. Rightfully regarding her certificate as one for ten shares, she was wholly ignorant of any denial of this construction. Her dividend check seems to have been unaccompanied by anything showing the rate. To be able to know what she had received dividends on, she had to make an inquiry for the rate. Not until then did any notice or intimation of an adverse claim come to her attention. A reasonable and substantial cause for delay, stated in a bill, excuses it for the purposes of a demurrer. Even ignorance of law avails sometimes. *Depue* v. *Miller,* 65 W. Va. 120; *Cramer* v. *McSwords,* 24 W. Va. 594. An admission or recognition by the defendant of the right asserted by the plaintiff suffices. *Griffin* v. *Macauley,* 7 Grat. 476; *Green* v. *Griffin,* 1 Va. Dec. 858. The certificate was a standing admission of ten shares. Had it read five, no doubt the complainant would have noticed the mistake and demanded correction at an earlier date. This certificate induced a sense of security and prevented inquiry. In our opinion, the facts stated excuse the delay. Laches is not rigid and inflexible like the statute of limitations.

For these reasons, we reverse the decree, overrule the demurrer and remand the cause for further proceedings.

*Reversed and Remanded.*

ROBINSON, PRESIDENT, *(dissenting)*:

The plaintiff has a complete and adequate remedy at law for everything demanded by her bill. The majority opinion is founded upon rights as to which the plaintiff alleges nothing. The bill is based on merely a pecuniary demand—dividends on stock for which plaintiff already holds a certificate for ten shares. The law forum will readily and completely give plaintiff all she asks. The disposition of the case by the circuit court was right.

WILLIAMS, JUDGE, *(dissenting)*:

I do not think plaintiff's bill makes a case for equitable relief. It alleges that she is the holder of a certificate for ten shares of stock, and that defendant has paid dividends to her on only five shares. It does not allege that she has been denied any

of her other rights, or privileges, as the holder of ten shares of the capital stock of defendant corporation. The word "ten" written in the body of the certificate takes precedence over the figure "5" in the margin, and constitutes it a good certificate for ten shares. Plaintiff prays for the issuance to her of "a proper certificate for said stock." But her bill shows that she already holds such certificate. Her only other prayer, except for general relief, is, that she "may have a decree for all unpaid dividends upon said stock." A court of law is adequate to give her this relief. Equity can not retain the cause to give general relief; because there are no allegations to warrant the granting of it. The lower court, I think, rightly sustained the demurrer to the bill, and, plaintiff declining to amend, properly dismissed it. I would affirm the decree.