# CHARLESTON.

JESSE V. BROWNING v. MINERVA BROWNING *et als.*

Submitted October 21, 1919. Decided October 28, 1919.

1. LIMITATION OF ACTIONS—*Application of Statute Authorizing New Action After Dismissal.*

   The statute (section 19, ch. 104, Code) which saves to a plaintiff the right to bring a new action on the same cause within one year after the dismissal, for any cause which could not be pleaded as a bar thereo, of a prior action brought in time, "notwithstanding the expiration of the time within which a new. action or suit must otherwise have been brought," applies only to those causes of action which, under the general statute of limitation applicable thereto, would otherwise be barred before the new action is commenced, and lengthens

rather than shortens the period of limitation prescribed by the general statute. If there is no such bar, or if there is one whose limitation has not yet run against the cause of action, the section has no application, and nothing except laches or the running of such limitation will prevent the institution and maintenance of a second suit. (p. 48).

2. EQUITY—*Laches in Enforcement of Right of Action.*

Whether laches does or does not operate to defeat enforcement of a right asserted is not always to be determined merely by a consideration of the time that has elapsed since the accrual of the right to sue. (p. 48).

3. SAME—*Postponement of Assertion of Claim Not Defeating Equitable Relief.*

Unless accompanied by circumstances affording a reasonable basis for presuming an intention on the part of the plaintiff to abandon the claim asserted in the suit, or such as render the transaction out of which the claim arose obscure, or render difficult, if not impossible, the production of evidence to defeat the claim and thereby prevent injustice, the mere postponement of the assertion thereof does not ordinarily warrant refusal of relief in equity. (p. 50).

4. SAME—*Excusable Laches in Enforcement of Claim:*

Where in the meantime defendant or those claiming under him have recognized or acknowledged directly or impliedly the existence of the right asserted by plaintiff, such recognition generally excuses the delay of the plaintiff in suing to enforce such right. (p. 50).

5. PLEADING—*Demurrer as an Admission:*

A demurrer admits to be true the material facts set up in a pleading and all reasonable inferences or necessary presumptions fairly attributable to such facts. (p. 52).

6. SAME—*Sufficiency on Demurrer:*

A pleading is sufficient upon demurrer if it informs defendant of the nature of the demand made upon him, and states such facts as will enable the court to say that, if they are proved as alleged and in the light of all reasonable inferences fairly attributable thereto, they establish a good cause of action. (p. 53.)

Appeal from Circuit Court, Logan County.

Suit by Jesse V. Browning against Minerva Browning and others. Demurrer to bill sustained, and suit dismissed, without reservation, plaintiff's bill of review for error apparent on the

face of the record dismissed on defendant's demurrer, and plaintiff appeals.

*Reversed. Demurrers overruled. Cause remanded.*

*J. B. Wilkinson* and *Butts & Minter,* for appellant.

LYNCH JUDGE:

By three successive but vain efforts made in 1912 and in June and November of 1918 plaintiff endeavored to obtain a decree declaring a deed made by him to his brother, David T. Browning, for 50 acres of land in Logan County to be a mortgage to secure the payment of $600 to the grantee, rather than a grant to him of the land in fee simple absolute, as on its face it purports to be. The deed, the acknowledgment and recordation thereof bear date as of August 7, 1903, the consideration expressed therein being "one dollar and other considerations" in hand paid, the receipt of which is acknowledged. Sometime during the early part of October, 1912, it appears from the allegations of the bill demurred to, plaintiff tendered defendant $600 and the interest that had accrued thereon in the meantime, and demanded a reconveyance of the land "pursuant to the agreement and understanding" had between them in 1903, but the grantee declined to accept the money tendered and to execute the reconveyance demanded. Thereupon ensued the first suit, which on November 4, 1912, plaintiff voluntarily dismissed, reserving in the dismissal order the right to institute and prosecute another suit based upon the same cause and for the same relief. This dismissal, according to the allegations of the bill, was due to the intercession of the father of the grantor and grantee with the expectation of effecting a compromise and amicable settlement of the matters in controversy between them, but which they failed to consummate. Plaintiff then brought this suit at July rules, 1918, and to the bill then filed defendant demurred, and the court sustained the demurrer and dismissed the suit without reservation. Later in the same year plaintiff filed a bill of review for error apparent upon the face of the record, which terminated likewise upon defendant's demurrer thereto. Hence this appeal.

The only ground assigned as cause of demurrer to the second bill, as appears from the order of dismissal, and the only

one assigned in argument by counsel is "that at the institution of this suit more than one year had expired since the dismissal of a former suit on the same cause of action between the same parties;" this upon the supposition that section 19, ch. 104, Code, is decisive of the question here involved. The applicability of this section to a suit brought to impress upon a deed absolute on its face the character of a mortgage and to decree accordingly does not seem apparent. This is not an unusual but a common provision. It appears in many limitation statutes substantially embodied in the same language. It saves to the plaintiff the right to bring an action within one year after the abatement of a prior action brought in time for any of the reasons therein mentioned, or the reversal or arrest of a judgment therein recovered on a ground not preclusive of a new action on the same cause, or a dismissal for want of security for costs or for any other cause which could not be pleaded as a bar to the action, "notwithstanding the expiration of the time within which a new action or suit must otherwise have been brought." The enlarged remedy thereby provided applies in this state as well to suits in equity as to actions at law (*Hevener* v. *Hannah,* 59 W. Va. 476) ; but not so, it seems, in Virginia (*Dawes* v. *N. Y. P. & N. R. Co.,* 96 Va. 733). But obviously, as the language quoted above indicates, a statutory bar must exist and the necessity for invoking the exemption therefrom sufficiently appear before the privilege is available by way of extending the right to sue. If there is no such bar, or if there is one whose limitation had not run against the cause of action, nothing except laches will prevent the institution and maintenance of a second suit, especially where, as here, the order of dismissal reserved to plaintiff the right to renew his suit to obtain the relief sought by him in the first instance, though such reservation may not always be necessary in such case. Section 19 applies only to those causes of action which, under the general statute of limitation applicable thereto, would otherwise be barred before the new action is commenced, and lengthens rather than shortens the period of limitation prescribed therein. There is no statute of limitations in this state applicable to a suit such as this, and hence if plaintiff's right to sue is not barred by laches, but still exists, section 19 did not operate to effect a termination of such right to sue at

the end of one year from the decree of dismissal. Instead such right continued and still continues unless barred by laches.

Whether this equitable doctrine does or does not apply to defeat enforcement of the right asserted is not always to be determined merely by a consideration of the time that has elapsed since the accrual of the right to sue. *Cranmer* v. *McSwords,* 24 W. Va. 594; *Depue* v. *Miller,* 65 W. Va. 120. Unless accompanied by circumstances affording a reasonable basis for presuming an intention on the part of the plaintiff to abandon the claim asserted in the suit, or such as makes the transaction out of which the claim is said to have arisen obscure, or renders it difficult, if not impossible, to produce evidence to defeat the claim and thereby prevent injustice, the mere postponement of the assertion of the claim does not ordinarily warrant refusal of relief in equity. *Tazewell* v. *Saunders,* 13 Gratt. 354; *Tidball* v. *Shenandoah Nat'l Bank,* 100 Va. 741. If no substantial obstruction probably will appear to defeat a fair investigation of the merits of the claim preferred, and a just ascertainment of the rights of the parties with respect thereto, the doctrine of laches does not apply. *Whitlock* v. *Johnson,* 87 Va. 323, 333. While it is a sound and salutary rule that he who resorts to a court of equity to enforce his rights must do so within a reasonable time, all things considered, and if he negligently, unreasonably and unjustifiably delays the prosecution of his demand until there is such a change or alteration in the condition or situation of the parties, as by death or loss of evidence incident thereto, or such as may work injustice to either interested party by reason of insolvency or other untoward circumstances, or where to enforce the claim would operate to the prejudice of purchasers for value without notice, actual or constructive, the bar does apply (*Smith* v. *Thompson,* 7 Gratt. 112; *Despard* v. *Despard,* 53 W. Va. 443), yet the rule is not inflexible.

Such procrastination continued for seven years was held in *Pethtel* v. *McCullough,* 49 W. Va. 520, to be insufficient to warrant the dismissal of a suit on the ground of lack of due diligence in prosecuting it, where the parties to the transaction still survived; and in some cases the same rule may apply though one or both parties thereto may be dead. *Alexander* v. *Byrd,* 85 Va. 690; *Beverly* v. *Rhodes,* 86 Va. 415. And while it is un-

doubtedly true that equity will refuse to enforce demands that have become stale by reason of the lapse of time, and where the claimant, by his inaction continued during many years, inferentially has abandoned the prosecution of his claim, as held in numerous cases cited in 9 Michie's Digest 99, yet if in the meantime defendant or those claiming under him acknowledged directly or impliedly the existence of the right asserted by plaintiff, such recognition, the authorities say, excuses the delay of the plaintiff in suing in equity to enforce such right. *Griffin* v. *Macaulay,* 7 *Gratt,* 476, 582; *Applegate* v. *Wellsburg Banking etc. Co.,* 68 W. Va. 477; *Southern Railway Co.* v. *Gregg,* 101 Va. 308.

Was there such a recognition of the validity of the claim of the plaintiff as these authorities say excuses the delay now relied on to defeat the relief sought by plaintiff in this suit? David T. Browning, the grantee in the deed, seems to have died sometime in the year 1915 (see Record p. 28,) leaving surviving Minerva Browning, his widow, and Millard F. Carson, Oakey, Dewey, Tweel and John R. Browning, his children and heirs at law, all of whom are defendants to this suit, the five children last named being infants and represented by Ira P. Hager, guardian ad litem duly appointed by the court.

Though David T. Browning did refuse in 1912 to accept the money tendered him by the plaintiff, and to reconvey the land when such conveyance was demanded by the plaintiff, according to the allegations of the bill, yet it likewise appears from the bill that plaintiff was required to join, or for some reason did join, in the execution of a deed conveying a railroad right of way through the 50 acres to Cole and Crane in February, 1913. This he did inferentially, as we may presume, because of the claim now set up respecting the nature and purpose of the negotiations terminating in the deed of August 7, 1903, between the two brothers. Indeed plaintiff's joining in the execution of the Cole and Crane deed, ten years after the deed of 1903, is not and perhaps cannot be explained on any other hypothesis than that he then insisted upon his right to the consideration agreed upon by the parties to that transaction. That he did so at that time and for that reason and none other is emphasized by the further fact that

the $600 paid by Cole and Crane for the right of way granted to them was deposited, presumably by and with the advice and consent of all the parties interested, and permitted to remain in the hands of J. Cary Alderson "on account of the contention*** regarding the ownership of said land and the right to redeem by Jesse V. Browning," the plaintiff in this suit and appellant here. A demurrer admits to be true the material facts set up in a pleading and all reasonable inferences or necessary presumptions fairly attributable to such facts. *Clark* v. *West,* 193 N. Y. 349; *Pollitz* v. *Wabash R. R. Co.,* 207 N. Y. 113 128; *Wills* v. *Coal Co.,* 52 Or. 70; *Oregon Home Builders* v. *Eisman,* 88 Or. 611; *Goshen Milling Co.* v. *Bailey,* 186 Ind. 377; *Klemik* v. *Jewelry Co.,* 122 Minn. 380; *Preiss* v. *Zins,* 122 Minn. 441; *Klann* v. *Minn,* 161 Wis. 517; 31 Cyc. 336, and cases cited.

Besides, the bill explicitly charges and the demurrer admits that the $600 paid to Alderson was "to be held by him in trust and eventually paid to the party legally adjudicated to be the rightful owner of said lands," and that, although later directed by the court to be paid to Minerva Browning, the widow and administratrix of David T. Browning, said sum and interest thereon accrued and to accrue is the money of the plaintiff, and to be accounted for to him or credited upon the debt secured by the deed from him to his brother treated as a mortgage, when the amount thereof is ascertained.

As said in *Depue* v. *Miller,* 65 W. Va. 120, "if the right of the plaintiff is clear and not dependent upon oral evidence, and no injury or prejudice to the defendant has resulted from the delay, as by the death of parties, change of conditions, loss of evidence, or the like, the cause of action is not barred by laches unless the lapse of time and circumstances are such as to raise a presumption of intent on the part of the plaintiff to abandon or relinquish the right." Here the death of the grantee in the deed of 1903 out of which has arisen this controversy operates to some extent alike to the prejudice of both parties. Neither of them can explain the circumstances under which the negotiations leading up to the deed occured or the purpose which it was intended to serve, that is, whether it is what it purports to be, a conveyance of the fee simple title without any incon-

sistent contemporaneous agreement qualifying its apparent purpose, or a mortgage, as plaintiff contends it is. Death has closed the mouth of one and the statute (section 23, ch. 130, Code) the mouth of the other, so that neither can speak of the transaction itself or the negotiations between them preliminary thereto. Nor can we say the plaintiff's rights depend wholly or for the most part upon oral testimony. Nothing in the bill shows whether the alleged agreement qualifying the transaction was or was not documentary; and no rule of pleading requires more than is necessary to show a good cause for relief. A pleading is sufficient upon demurrer if it informs defendant of the nature of the demand made upon him, and states such facts as will enable the court to say that, if they are proved as alleged and in the light of all reasonable inferences fairly attributable to such facts, they establish a good cause of action. *Snodgrass* v. *Wolf,* 11 W. Va. 158 *;Hortenstein* v. *Virginia, etc. Ry. Co.,* 102 Va. 914; *Virginia Portland Cement Co.* v. *Luck,* 103 Va. 427; *Stonegap Colliery Co.* v. *Hamilton,* 119 Va. 271.

. And while David T. Browning and his wife on January 15, 1915, granted to the defendant A. J. Dalton another part but not all of the residue of the tract, and they alone joined as grantors therein, the bill alleges and the demurrer admits that Dalton had full knowledge and notice that plaintiff claimed' title to the tract subject only to the payment of the debt to his brother. If plaintiff can by proof establish the fact to be as he has alleged, Dalton cannot complain if he loses the benefit of his purchase, for such knowledge effectually disqualifies him to invoke the aid of the rule which seeks to protect a purchaser for value without notice.

The observations respecting laches are to be understood only as made in the light of the allegations of the bills considered upon defendants' demurrers. What the proof may develop, if the cause proceeds to final hearing upon the merits, we cannot of course foresee, and therefore do not pretend to say whether the laches of the plaintiff, if any, is such as precludes the grant to him of the relief he seeks. We are therefore of opinion to reverse the decrees entered in the cause, the first at the October term, 1918, the second on February 4, 1919, of both of which

plaintiff complains, overrule the demurrers to the original bill and bill of review, and remand the cause for further proceedings.

*Reversed. Demurrers overruled. Cause remanded.*