**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 07-2078**

—————————

FRANK W. VINCENZO; SANDRA K. VINCENZO,

                Plaintiffs - Appellees,

        v.

AIG INSURANCE SERVICES, INCORPORATED,

                Defendant - Appellant.

—————————

Appeal from the United States District Court for the Northern
District of West Virginia, at Clarksburg.  Irene M. Keeley, Chief
District Judge.  (1:07-cv-00026-IMK)

—————————

Argued:  May 15, 2008              Decided:  July 17, 2008

—————————

Before TRAXLER and KING, Circuit Judges, and Jackson L. KISER,
Senior United States District Judge for the Western District of
Virginia, sitting by designation.

—————————

Affirmed by unpublished per curiam opinion.

—————————

**ARGUED:** Clifford Forrest Kinney, Jr., SPILMAN, THOMAS & BATTLE,
PLLC, Charleston, West Virginia, for Appellant.  Theodore L.
Tsoras, JACOB M. ROBINSON LAW OFFICES, Wheeling, West Virginia, for
Appellees.  **ON BRIEF:** Paula L. Durst, SPILMAN, THOMAS & BATTLE,
PLLC, Charleston, West Virginia, for Appellant.  Jacob M. Robinson,
JACOB M. ROBINSON LAW OFFICES, Wheeling, West Virginia, for
Appellees.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Defendant AIG Insurance Services, Incorporated, pursues this interlocutory appeal from the district court's denial of AIG's motion to dismiss the state law third-party bad faith claim brought against it by plaintiffs Frank and Sandra Vincenzo. See Vincenzo v. AIG Ins. Servs., Inc., No. 1:07-cv-00026 (N.D. W. Va. Sept. 21, 2007) (the "Order").[1]  As explained below, we conclude that the Order correctly resolved the issue of whether West Virginia's savings statute, see W. Va. Code § 55-2-18 (the "Savings Statute"), preserved the Vincenzos' claim, which had been timely filed prior to abolition of private third-party bad faith claims in West Virginia.  Thus, we are content to affirm the Order — ruling that the Vincenzos' bad faith claim was not barred when it was refiled after being dismissed without prejudice — on the basis of the district court's reasoning.

I.

A.

In 2000, the Vincenzos filed suit in the Circuit Court of Monongalia County, West Virginia, against multiple defendants, seeking recovery for physical injuries sustained on the job by

---

[1]The Order is found at J.A. 140-53.  (Citations to "J.A. __" refer to the contents of the Joint Appendix filed by the parties in this appeal.)

Frank Vincenzo. On July 7, 2005, while their suit was pending, the Vincenzos filed a separate action in the state circuit court against AIG (the "First Complaint"), alleging a third-party bad faith claim, then authorized under state law. See Jenkins v. J.C. Penney Cas. Ins. Co., 280 S.E.2d 252, 254 (W. Va. 1981) (concluding that West Virginia Code section 33-11-4(9) gave rise to cause of action by third-party claimants against insurance companies for having engaged in unfair claims settlement practices). In April 2005, however, the West Virginia legislature had enacted West Virginia Code section 33-11-4a, which abrogated the rule promulgated in Jenkins, and provided instead for such a claim to be handled administratively:

> A third-party claimant may not bring a private cause of action or any other action against any person for an unfair claims settlement practice. A third-party claimant's sole remedy against a person for an unfair claims settlement practice or the bad faith settlement of a claim is the filing of an administrative complaint with the Commissioner.

W. Va. Code § 33-11-4a(a) (the "Abrogation Statute") (emphasis added). The Abrogation Statute became effective on July 8, 2005, one day after the Vincenzos filed their First Complaint. The Vincenzos failed to perfect service of the First Complaint on AIG within 120 days, as required by Rule 4 of the West Virginia Rules of Civil Procedure. As a result, on January 24, 2006, the state circuit court dismissed the First Complaint without prejudice.

3

One year later, on January 24, 2007, the Vincenzos refiled their third-party bad faith claim against AIG in the state circuit court (the "Second Complaint"), relying on the Savings Statute. The Savings Statute provides, in pertinent part, that

> [f]or a period of one year from the date of an order dismissing an action or reversing a judgment, a party may refile the action if the initial pleading was timely filed and . . . the action was involuntarily dismissed for any reason not based upon the merits of the action.

W. Va. Code § 55-2-18(a). In the Second Complaint, the Vincenzos alleged that, although the Abrogation Statute had abolished private third-party bad faith claims on July 8, 2005 (a day after they filed their First Complaint), the Savings Statute preserved their claim against AIG because the Statute allowed them to refile the claim within a year from the date of its dismissal due to a failure to perfect service — a dismissal that was "not based upon the merits of the action."

B.

On February 26, 2007, AIG removed the Vincenzo's action to the Northern District of West Virginia, on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Shortly thereafter, on March 5, 2007, AIG moved in the district court to dismiss the Second Complaint, pursuant to Rule 12(b)(6), contending that the Abrogation Statute barred the third-party bad faith claim asserted therein, and that the Savings Statute failed to preserve the claim because it only applied when a statute of limitations issue was

4

implicated.[2]  On April 24, 2007, the court heard argument on AIG's

Rule 12(b)(6) motion, and thereafter assessed supplemental briefs

addressing AIG's contention that the Savings Statute is not

applicable in these circumstances, and only applies to claims that

are time-barred by a statute of limitations.  AIG filed its

supplemental brief on May 4, 2007, requesting that, if the court

denied its Rule 12(b)(6) motion, the court certify an interlocutory

appeal to this Court under the provisions of 28 U.S.C. § 1292(b).[3]

---

[2]As the district court aptly recognized in its Order, claims involving unfair settlement practices that arise under the West Virginia Unfair Trade Practices Act, see W. Va. Code §§ 33-11-1 to -10, have a one-year statute of limitations, see Syl. Pt. 1, Wilt v. State Auto. Mut. Ins. Co., 506 S.E.2d 608, 608 (W. Va. 1998), which begins to run only after the expiration of the appeal period for the underlying personal injury claim, see Klettner v. State Farm Mut. Auto. Ins. Co., 519 S.E.2d 870, 876 (W. Va. 1999).  The parties settled their underlying personal injury claim on March 28, 2006, and a final order was entered on May 1, 2006.  Thus, as the district court concluded, the statute of limitations was not implicated when the Vincenzos filed their Second Complaint on January 24, 2007.  See Order 3.

[3]Pursuant to 28 U.S.C. § 1292(b), an interlocutory appeal may be pursued in the following circumstances:

> When a district judge, in making in a civil action an order not otherwise appealable . . . , shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing such order.  The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order.

28 U.S.C. § 1292(b).

On September 21, 2007, the district court issued its Order denying AIG's Rule 12(b)(6) motion to dismiss, ruling that the Vincenzos' third-party bad faith claim against AIG, as alleged in the Second Complaint, is viable under state law. The Order also stayed the proceedings in the district court to permit AIG to pursue an interlocutory appeal under § 1292(b), which the court certified. AIG filed a petition for interlocutory appeal on October 5, 2007, and, on October 31, 2007, we granted the petition.

## II.

We review de novo the district court's conclusion that the Savings Statute preserves the third-party bad faith claim alleged against AIG in the Second Complaint. See Holly v. Scott, 434 F.3d 287, 288-89 (4th Cir. 2006) ("We review de novo a district court's denial of a motion to dismiss under Rule 12(b)(6)."). In arriving at this conclusion, the district court explained in its Order that the plain language of the Savings Statute requires that "(1) the initial complaint be timely filed, (2) the cause of action be involuntarily dismissed for any reason not based on the merits, and (3) the complaint be refiled within one year of the involuntary dismissal." Order 4. It is undisputed that the Vincenzos had timely filed their First Complaint, and that it was dismissed without prejudice. See W. Va. Code § 55-2-18(b) ("[A] dismissal not based upon the merits of the action includes . . . [a]

6

dismissal for failure to have process timely served.").  The court also concluded that the Vincenzos had satisfied the third requirement of the Savings Statute, in that they filed their Second Complaint, on January 24, 2007, within one year of the state court's involuntary dismissal of their First Complaint, on January 24, 2006.

AIG argued that, although the plain terms of the Savings Statute had been satisfied, the Statute nevertheless did not apply to the bad faith claim alleged against it in the Second Complaint. Relying primarily on Browning v. Browning, 100 S.E. 860 (W. Va. 1919), AIG contended that the Savings Statute's sole purpose was to extend the statute of limitations on a timely filed claim that was dismissed through no fault of the plaintiff.  Because the statute of limitations had not expired with respect to the bad faith claim in the Second Complaint, the Savings Statute was, according to AIG, inapplicable.  In Browning, the defendant had attempted to utilize the one-year limitations period from an earlier version of the Savings Statute to bar a claim that had no statute of limitations. The Supreme Court of Appeals of West Virginia thus concluded that the claim was not barred, explaining that

> [t]he [Savings Statute] . . . applies only to those causes of action which, under the general statute of limitation applicable thereto, would otherwise be barred before the new action is commenced, and lengthens rather than shortens the period of limitation prescribed by the general statute.  If there is no such bar, or if there is one whose limitation has not yet run against the cause of action, the [Savings Statute] has no application.

7

Syl. Pt. 1, 100 S.E. at 860. Premised on the <u>Browning</u> decision, AIG asserted that, because the Vincenzo's bad faith claim was not time-barred, the Savings Statute did not apply. The district court rejected AIG's contention, however, concluding that its interpretation of <u>Browning</u> was overly broad. The court reasoned that "[w]hen read in light of its specific facts, <u>Browning</u> actually stands for the proposition that the savings statute cannot be utilized to create a statute of limitations for a cause of action." Order 10-11.

As the district court properly recognized, the Savings Statute has historically been broadly interpreted. In <u>Tompkins v. Pacific Mutual Life Insurance Co.</u>, the Supreme Court of Appeals of West Virginia explained the Savings Statute as "a highly remedial statute [that] ought to be liberally construed for the accomplishment of the purpose for which it was designed, namely, to save one, who has brought his suit within the time limited by law, from loss of his right of action by reason of accident or inadvertence." 44 S.E. 439, 441 (W. Va. 1903). In <u>Crawford v. Hatcher</u>, the district court in southern West Virginia adopted the broad reading articulated in <u>Tompkins</u>, concluding that "[i]t can hardly be questioned that the law favors resolution of disputes on their merits. Competing principles, such as prompt resolution of disputes and judicial economy, must give way except in compelling cases. . . . [T]he savings statute is to be liberally construed in

8

order to effect its intended purpose."  804 F. Supp. 834, 836-37

(S.D. W. Va. 1992).

In this appeal, AIG seeks to distinguish the <u>Tompkins</u> and

<u>Crawford</u> authorities on the ground that both involved a statute of

limitations issue.  But, as the district court observed here,

> neither case expressly limited the reach of the savings
> statute to claims that are time-barred by a statute of
> limitations.  Rather, they recognized that the primary
> purpose of the savings statute is to permit claims to be
> resolved on their merits.  Both thus liberally construed
> the savings statute to achieve this purpose.

Order 9.  Relying on <u>Tompkins</u> and <u>Crawford</u>, the district court thus

denied AIG's Rule 12(b)(6) motion to dismiss, concluding that,

because the Savings Statute must be broadly construed, it applied

to the bad faith claim alleged against AIG in the Second Complaint,

and authorized the Vincenzos to pursue their claim despite the

enactment of the Abrogation Statute.


III.

After thorough de novo consideration of this appeal, we are

constrained to agree with the district court's well-reasoned

Order.[4]  We are accordingly content to affirm on the basis thereof.

---

[4]On May 6, 2008, prior to oral argument of this appeal, we asked counsel to be prepared to address whether it might be appropriate to certify the question on appeal to the Supreme Court of Appeals of West Virginia.  <u>See</u> W. Va. Code § 51-1A-3 ("The supreme court of appeals of West Virginia may answer a question of law certified to it by any court of the United States . . . if the answer may be determinative of an issue in a pending case in the certifying court and if there is no controlling appellate decision,

See Vincenzo v. AIG Ins. Servs., Inc., No. 1:07-cv-00026 (N.D. W. Va. Sept. 21, 2007).

AFFIRMED

<hr>

constitutional provision or statute of this state."). Both parties expressed their opposition to any such certification, and we have determined that, in the circumstances, a certification is not warranted.